UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FIVE POINTS SARASOTA
INVESTORS LLC,

      Plaintiff,

v.                                    Case No: 8:22-cv-2912-WFJ-AEP

INVESTEC BANK PLC,

      Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiff Five Points Sarasota Investors LLC's Motion to Remand to State Court or to Dismiss for Forum Non Conveniens,[1] Dkt. 12. Defendant Investec Bank PLC filed a response in opposition. Dkt. 16. Upon careful consideration, the Court denies Plaintiff's motion.

## BACKGROUND

In 2006, Plaintiff, a Florida limited liability company, executed a loan agreement (the "Loan") with Defendant, a bank incorporated in England and

---

[1] Plaintiff's alternative argument for forum non conveniens dismissal appears to be a precautionary measure based on district courts' inability to transfer cases to state courts. *See* Dkt. 12 at 1 n.1. However, a motion to remand is a proper vehicle through which Plaintiff may seek its desired relief in this removed action. *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1263 n.26 (11th Cir. 1999).

Wales. Dkt. 1-1 ¶¶ 2–5; Dkt. 1 ¶ 10. The Loan has served as Plaintiff's permanent financing for commercial space in an office building that Plaintiff built in Sarasota, Florida. Dkt. 1-1 ¶ 5.

Since 2006, the parties have executed several other documents, such as promissory notes and loan modification agreements, in connection with the Loan. Two of these documents were promissory notes signed by Plaintiff in favor of Defendant in 2012 and 2015. *Id.* ¶¶ 6, 8. Under the 2012 promissory note (the "2012 Note"), Plaintiff was required to enter into an interest rate swap agreement. *Id.* ¶ 6. Plaintiff did so and continued to make payments under that swap agreement after signing the 2015 promissory note (the "2015 Note"). *Id.* ¶ 11.

When the 2012 Note matured by its terms in 2019, Plaintiff did not want to enter into another swap agreement and did not believe it was required to do so under the 2015 Note. *Id.* ¶¶ 8, 11. However, Defendant purportedly represented that Plaintiff had to enter into another swap agreement pursuant to the 2015 Note's terms. *Id.* ¶ 11. Plaintiff therefore entered into another swap agreement in 2019. *Id.* That same year, the parties also executed a Second Loan Modification Agreement, which defines the parties' other documents pertaining to the Loan as "Loan Documents." Dkt. 12-1 at 2–3. Plaintiff made payments under the second swap agreement until 2022, when Plaintiff asked Defendant for permission to break the swap agreement. Dkt. 1-1 ¶ 12. Defendant refused this request. *Id.*

Around this time, Plaintiff also requested that Defendant sign a subordination and non-disturbance agreement in favor of a prospective, credit-quality tenant to whom Plaintiff planned to lease a floor of its office building. *Id.* ¶ 19. Plaintiff told Defendant that, based on this prospective lease, Plaintiff was in talks with certain lenders to obtain financing secured by its office building for the purpose of acquiring a replacement facility to retire the Loan. *Id.* Defendant allegedly delayed signing the subordination and non-disturbance agreement for months, resulting in Plaintiff obtaining the replacement facility on less favorable terms. *Id.* ¶¶ 20, 37.

On November 21, 2022, Plaintiff initiated this action against Defendant in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida. Dkt. 1-1. In its three-count Complaint, Plaintiff asserts claims of tortious interference (Count I) and misrepresentation (Count II), and it seeks a declaratory judgment concerning the terms of the 2015 Note and other Loan Documents currently in effect (Count III). *Id.* ¶¶ 32−52. On December 22, 2022, Defendant removed the action to this Court. Dkt. 1. Plaintiff now moves to remand to state court. Dkt. 12.

## LEGAL STANDARD

Any civil case filed in state court may be removed to federal court by the defendant if the case could have originally been brought in federal court. *See* 28

U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal. *See Leonard v. Enter. Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002).

District courts have the "inherent power to remand a removed case when appropriate to enforce a forum selection clause." *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1263 n.26 (11th Cir. 1999). In a diversity jurisdiction case, federal law governs whether to enforce a forum selection clause. *P & S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003). Only forum selection clauses that "unambiguously designate the forum in which the parties must enforce their rights under the contract will be enforced." *J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co.*, 515 F. Supp. 2d 1258, 1268 (M.D. Fla. 2007) (citations omitted); *see also Stateline Power Corp. v. Kremer,* 148 F. App'x 770, 771−72 (11th Cir. 2005). In interpreting a forum selection clause, a district court applies federal common law, which requires the use of "ordinary contract principles." *Cornett v. Carrithers*, 465 F. App'x 841, 842 (11th Cir. 2012).

## ANALYSIS

In its present motion, Plaintiff contends that this case must be remanded to the Circuit Court of Sarasota County pursuant to two forum selection clauses in the parties' Loan Documents. Dkt. 12 at 1. These forum selection clauses are located

in the Second Loan Modification Agreement and the 2015 Note.

    The Second Loan Modification Agreement's forum selection clause reads:

> BORROWER, GUARANTORS, AND LENDER HEREBY CONSENT AND AGREE THAT, IN ANY ACTIONS ARISING UNDER THE LOAN DOCUMENTS, VENUE IS PROPERLY LAID IN SARASOTA COUNTY, FLORIDA, AND THAT THE CIRCUIT COURT IN AND FOR SARASOTA COUNTY, FLORIDA SHALL HAVE FULL JURISDICTION TO DETERMINE ALL ISSUES ARISING OUT OF OR IN CONNECTION WITH THE EXECUTION AND ENFORCEMENT OF THE LOAN DOCUMENTS.

Dkt. 12-1 at 9. The 2015 Note contains a similar forum selection clause, which provides:

> Borrower hereby consents and agrees that, in any actions predicated upon this Note, venue is properly laid in Sarasota County, Florida and that the Circuit Court in and for Sarasota County, Florida, shall have full jurisdiction to determine all issues arising out of or in connection with the execution and enforcement of this Note.

Dkt. 12-2 at 8.

    Plaintiff contends that these forum selection clauses are mandatory and require enforcement. Dkt. 12 at 11. According to Plaintiff, interpreting these clauses to be permissive would render them meaningless, as Plaintiff did not need to rely on the clauses to initially bring this action in Sarasota County. *Id.* at 8−11. Defendant, on the other hand, asserts that these forum selection clauses are merely permissive due to both their language and conflicting forum selection clauses in the parties' other Loan Documents. Dkt. 16 at 6−14. Defendant also avers that the

2015 Note's forum selection clause only binds Plaintiff. *Id.* at 18−20. Moreover, even if both clauses are binding and mandatory, Defendant contends that neither forum selection clause applies, as Plaintiff's case does not arise out of either the Second Loan Modification Agreement or the 2015 Note. *Id.* at 15−18.

      The enforceability of a forum selection clause turns on whether the clause is mandatory or permissive. *See Branch Banking & Tr. Co. v. Malabar Dev., LLC*, No. 6:10-cv-1177-Orl-31KRS, 2010 WL 11626848, at *2 (M.D. Fla. Oct. 18, 2010). "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, dictates an exclusive forum for litigation under the contract." *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004) (internal quotes omitted). Only mandatory forum selection clauses will be enforced. *See id.* at 1273−74; *Snapper*, 171 F.3d at 1262 n.24.

      By their plain terms, neither forum selection clause identified by Plaintiff unambiguously requires litigation to take place in Sarasota County at the exclusion of any other valid forum. Mandatory forum selection clauses typically include language stating that venue "shall" or "will" be properly laid in a specified forum, as both words are interpreted as mandates. *See, e.g.*, *Global Satellite*, 378 F.3d at 1272 ("shall"); *Emerald Grande, Inc. v. Junkin*,

334 F. App'x 973, 975−76 (11th Cir. 2009) ("will"). Here, both clauses simply state that "venue is properly laid in Sarasota County[.]" Dkt. 12-1 at 9; Dkt. 12-2 at 8. Though the clauses in the Second Loan Modification and 2015 Note further state that Sarasota County's circuit court "shall have full jurisdiction" to determine issues arising under of the Loan Documents and the 2015 Note, respectively, jurisdiction and venue are distinct. Dkt. 12-1 at 9; Dkt. 12-2 at 8. Nevertheless, case law suggests that such language is not mandatory, but permissive.[2]

    Additionally, as Defendant posits, the existence of other forum selection clauses in the Loan Documents suggests that the Second Loan Modification Agreement's forum selection clause is permissive. While Second Loan Modification Agreement's clause explicitly applies to litigation "arising under the Loan Documents," Dkt. 12-1 at 9, the Loan Documents themselves contain differing forum selection clauses. Nothing in the Second Loan Modification Agreement expressly indicates that the other forum selection clauses in these documents not at issue here have been modified or otherwise superseded. In fact, the Second Loan Modification Agreement

---

[2] *See, e.g.*, *Citro Fla., Inc. v. Citrovale*, 760 F.2d 1231, 1231−32 (11th Cir. 1985) (finding that clause stating "place of jurisdiction is Sao Paulo/Brazil" was permissive because clause did not specify that Sao Paulo/Brazil was the only place of jurisdiction); *AmerMedCorp. v. Disetronic Holding AG*, 6 F. Supp. 2d 1371, 1374−75 (N.D. Ga. 1998) (finding permissive a clause stating that "the courts of the canton of Berne, Switzerland, shall have jurisdiction for all disputes arising out between the parties and [the parties] waive any claim to the contrary").

provides that the "Loan Documents are *in full force and effect* and, following the execution and delivery of this Agreement, the Loan Documents *continue to be the legal, valid and binding obligations* of Borrower and Guarantors enforceable in accordance with their respective terms." *Id.* at 4. (emphasis added). Plaintiff seemingly acknowledges this by asserting that the forum selection clause of the 2015 Note—a Loan Document—controls.

As an example of these conflicts, Plaintiff's first swap agreement (the "ISDA Agreement")—which the Second Loan Modification Agreement identifies as among the Loan Documents—contains a forum selection clause that designates courts in New York and England as proper, non-exclusive venues for litigation arising therefrom. Dkt. 16-3 at 21. With the Second Loan Modification Agreement containing no express terms to the contrary, the ISDA Agreement's forum selection clause remains in full force and effect if either party were to have brought an action arising out of that document. Accordingly, if the Second Loan Modification Agreement's forum selection clause is deemed mandatory, the ISDA Agreement's forum selection clause is rendered meaningless. To give meaning to both clauses, the Court finds that the forum selection clause identified in the Second Loan Modification Agreement is permissive.

For the same reason, the 2015 Note's forum selection clause is also permissive. The forum selection clauses within the 2015 Note and Second Loan Modification Agreement conflict. As Defendant correctly notes, while both parties are bound to the Second Loan Modification Agreement's clause, only Plaintiff is bound by the 2015 Note's clause. The 2015 Note provides that the "Borrower" (i.e., Plaintiff) consents to venue in Sarasota County. Dkt. 12-2 at 8. Noticeably absent from this clause is any language indicating the same consent of the Lender (i.e., Defendant). To give both clauses meaning, they must be deemed permissive.[3]

Moreover, the 2015 Note contains a clause providing that, in the event that the 2015 Note's terms conflict with the terms of another Loan Document (such as the Second Loan Modification Agreement), "the provisions selected by the holder hereof in its sole discretion as the controlling provisions shall control." *Id.* at 9. The 2015 Note defines the "holder" as the "Lender." *Id.* at 2,

---

[3] Though Plaintiff relies on the reasoning of *Florida Polk County v. Prison Health Services, Inc.*, 170 F.3d 1081 (11th Cir. 1999) in asserting that the forum selection clauses at issue here would be meaningless if found to be permissive, *see* Dkt. 12 at 8−11, *Florida Polk County* is distinguishable. Most significantly, *Florida Polk County* concerned the analysis of a *single* forum selection clause—not multiple, conflicting forum selection clauses found in multiple binding documents. *See* 150 F.3d at 1082. The same is true concerning Plaintiff's reliance on *PNC Bank, N.A. v. Akshaur Petroleum, Inc.*, No. 3:13-cv-436-J-34PDB, 2014 WL 1230689 (M.D. Fla. Mar. 25, 2014), which followed *Florida Polk County*'s reasoning in determining that the single forum selection clause at issue was mandatory. Additionally, contrary to Plaintiff's point, it cannot be said that *all* actions arising out of the Loan Documents covered by the Second Loan Modification Agreement's forum selection clause—such as various assignments, indemnities, and guaranties—would inherently give rise to proper venue in Sarasota County.

9

7. Assuming that the forum selection clauses of both the 2015 Note and the Second Loan Modification Agreement apply to Plaintiff's action, the 2015 Note's conflict provision affords Defendant, the Lender, the sole discretion to select which of the conflicting forum selection clauses controls. The Court is bound by this express mechanism that the parties have selected to resolve conflicting terms. *See Internaves de Mex. s.a. de C.V. v. Andromeda S.S. Corp.*, 898 F.3d 1087, 1093 (11th Cir. 2018). And, here, Defendant has made clear that, if necessary, it selects the 2015 Note's forum selection clause to control. Dkt. 16 at 20–21.

      Though the parties further disagree as to whether Plaintiff's action arises under either the Second Loan Modification Document or the 2015 Note such that either forum selection clause would apply, the Court need not reach that issue. Both clauses are permissive, and the 2015 Note's clause does not bind Defendant. That the clauses may or may not apply to Plaintiff's action does not change the Court's analysis or conclusion.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Remand or to Dismiss for Forum Non Conveniens, Dkt. 12, is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on February 17, 2023.

>  */s/ William F. Jung*
> **WILLIAM F. JUNG**
> **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record