## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

FIVE POINTS SARASOTA
INVESTORS LLC,

        Plaintiff,

v.                                 Case No: 8:22-cv-2912-WFJ-AEP

INVESTEC BANK PLC,

        Defendant.

_____/

## **ORDER**

        This matter comes before the Court on Defendant Investec Bank PLC's Motion for Leave to Conduct Limited Discovery on Subject Matter Jurisdiction, Dkt. 35. Plaintiff Five Points Sarasota Investors LLC filed a response in opposition, Dkt. 36, to which Defendant replied, Dkt. 37. Upon careful consideration, the Court grants Defendant's motion.

        On December 22, 2022, Defendant removed the present action from state court to this Court on diversity jurisdiction grounds. Dkt. 1. Plaintiff moved to remand the case based on forum selection clauses within the parties' loan documents, Dkt. 12, but the Court denied the motion upon finding that the clauses were permissive, Dkt. 23. On February 28, 2023, Plaintiff filed an Amended Complaint, Dkt. 25, to which Defendant responded by filing a motion to dismiss,

Dkt. 28. One week after Defendant filed its pending motion to dismiss, Plaintiff filed a second motion to remand. Dkt. 30. Plaintiff now contends that this Court lacks subject matter jurisdiction because the parties are not diverse. *Id.*

In moving for limited jurisdictional discovery, Defendant correctly notes that Plaintiff's Amended Complaint acknowledges the existence of diversity jurisdiction. Dkt. 35 at 2 n.2 (citing Dkt. 25 ¶ 45). Defendant also asserts that the "perfunctory affidavit and two certificates of incorporation from more than fifteen years ago" attached to Plaintiff's second motion to remand fail to confirm a lack of diversity at the time of removal. *Id.* at 4. Contending that "Plaintiff's new position is unsupported and leaves more questions than answers," Defendant seeks to conduct limited jurisdiction discovery prior to the Court's ruling on the second motion to remand. *Id.* at 5.

The Court finds that limited jurisdictional discovery is warranted. There is "a qualified 'right' to jurisdictional discovery when a court's jurisdiction is genuinely in dispute." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 n.7 (11th Cir. 1982) (citation omitted). By contradicting its statement of jurisdiction in the Amended Complaint, Plaintiff has created a genuine dispute regarding the existence of diversity jurisdiction. The parties will therefore have until June 19, 2023, to conduct limited jurisdictional discovery concerning whether they were

diverse at the time of this action's removal. Any supplemental briefing on jurisdiction shall be filed by July 3, 2023.

      **DONE AND ORDERED** at Tampa, Florida, on May 3, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record